UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH SPAULDING ) <br> ) <br>      Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ) <br> NORTHSTAR LOCATION ) <br> SERVICES, LLC ) <br>      Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Beth Spaulding, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Beth Spaulding, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office here.

### III. PARTIES

4. Plaintiff, Beth Spaulding, is an adult natural person residing at 825 S. 26th Street, Apartment 603, Escanaba, MI 49829. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Northstar Location Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of Michigan and the Commonwealth of Pennsylvania with a principal office at 4285 Genesee Street, Cheektowaga, NY 14225 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In the early part of August, 2010, Plaintiff started to receive calls from Defendant collecting on an alleged debt owed to Bank of America for approximately $13,000.00.

8. Plaintiff was informed that she needed to pay the full balance immediately.

9. Defendant stated that they had sent two (2) letters regarding this debt; however the Plaintiff says she has never received anything in the mail from the Defendant.

10. During that first call with Defendant, Plaintiff informed them that she had retained the services of the law firm of Persels & Associates, LLC to help her with her debt negotiations and asked Defendant to call them directly.

11. Defendant told the Plaintiff that Persels could not help her.

12. Plaintiff continued to receive calls from Defendant.

13. During that same time, Plaintiff received a call from an agent of the Defendant who threatened that if she did not make a payment by October 1, 2010, that they would put a lien on her vehicle.

14. Plaintiff was also told that the Defendant would freeze her bank account and garnish her wages up to twenty percent (20%) which he was sure was what Michigan law would allow.

15. Defendant's agent then stated that they could take whatever money the Plaintiff receives for her school loans to pay off this debt.

16. Plaintiff stated that Defendant made her feel like a criminal.

17. Plaintiff continued to receive calls from Defendant, but became too fearful to answer the calls.

18. At the end of August, 2010, Defendant's agent, "Bill Pagert", called the Plaintiff's mother looking for the whereabouts of her daughter.

19. At that same time, Defendant's agent, "Bill Pagert", also placed a call to the Plaintiff's sister. Plaintiff's sister informed the agent that her sister did not live with her and that they needed to call her directly.

20. Plaintiff does not reside with either her mother or her sister.

21. Plaintiff called Defendant's agent, "Bill Pagert", back and informed him not to place calls to her mother or sister again.

22. Before ending the call, Plaintiff made sure that Defendant's agent, "Bill Pagert", had all of her proper contact numbers.

23. Plaintiff received several calls in the month of September, 2010 from Defendant.

24. Each time Defendant called Plaintiff informed them that she was with Persels and that they needed to contact them directly on this matter.

25. On or about September 18, 2010, Plaintiff received another call from Defendant who told her that Persels only wanted her money and that there was nothing they could do to help her.

26. Plaintiff was again told that she faced a lien on her car and her bank accounts being frozen if she did not make a payment.

27. On or about that same date, September 18, 2010, Persels sent a "cease and desist" letter to the Defendant. **See Exhibit "A" (letter) attached hereto**.

28. Plaintiff continued to receive calls from Defendant and their agents.

29. In early October, 2010, Plaintiff was fearful and agreed to make a payment to the Defendant on this account.

30. On or about October 8, 2010, Plaintiff called Defendant to inform them that she could not come up with the money as she had hoped.

31. Defendant continues to receive calls attempting to collect.

32. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

33. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

34. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owed any money |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with debt collection |
| §§ 1692e(4): | Non-payment of any debt will result in seizure, garnishment or attachment |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  October 14, 2010

BY: /s/ Brent F. Vullings

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff